### BELL v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. NEGLIGENCE—USE OF LAND—CARE AS TO PERSONS ON ADJACENT HIGHWAY.
    Defendant, a subcontractor, had made an excavation in a park just off a street, and extending from the excavation to the street was a bridge used by trucks backing upon it in order to cart away the earth, and a pedestrian when he reached the bridge dropped a coin, which rolled down the bridge, and in his effort to recover it he lost his balance and fell into the excavation. Some of the planks of the bridge were shorter than others, which was the cause of his losing his balance. *Held,* that there was no negligence on the part of defendant.
    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 54, 57.]

2. SAME—CONTRIBUTORY NEGLIGENCE.
    Plaintiff was not free from contributory negligence.

Exceptions from Trial Term, New York County.

Action by William J. Bell against the city of New York and others. The complaint was dismissed. Motion for a new trial on exceptions ordered to be heard in the first instance at the Appellate Division. Exceptions overruled, and motion for a new trial denied.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and HOUGHTON, JJ.

John V. Bouvier, Jr., for appellant.
Cortlandt Nicoll, for respondent McDonald.
James F. Donnelly, for respondent Degnon-McLean Contracting Co.
Terence Farley, for respondent City of New York.

McLAUGHLIN, J. About 5:30 o'clock in the afternoon of the 2d of August, 1902, the plaintiff sustained very serious injuries by falling from a temporary bridge erected over an excavation for the subway tunnel just off Center Street in City Hall Park. He brought this

action to recover damages for his injuries, upon the ground that the same were caused by the defendants' negligence. At the close of plaintiff's case the complaint was dismissed as to the city and McDonald, and at the close of the whole case it was dismissed as to the Degnon-McLean Contracting Company, and the plaintiff has appealed.

I am of the opinion that the complaint was properly dismissed as to all of the defendants. At the time in question the Degnon-McLean Contracting Company was excavating in City Hall Park adjacent to Center street, work made necessary in the construction of the subway tunnel. The excavation was some 30 feet in depth, and extending from Center street into it was a bridge constructed of planks laid upon stringers. The bridge, which was upwards of 30 feet in length and 10 feet in width, was used by trucks backing upon it from the street for the purpose of carting away the earth and rock excavated. Along Center street, adjacent to the excavation, except at the point where the bridge was, a barrier or fence had been erected. The plaintiff and two companions, McDonnell and Greene, immediately preceding the accident, were traveling south on Center street, McDonnell being some 12 feet ahead of the plaintiff. As he reached the temporary bridge, he walked upon it, but after going about 6 feet, saw that it only extended into the excavation, and he then retraced his steps to the street, and continued south. The plaintiff when he reached the bridge, and just as he stepped upon it or immediately prior thereto, dropped a coin, which rolled down the bridge, and in his effort to recover it he lost his balance and fell into the excavation.

There certainly was no negligence on the part of the city or McDonald. The city was authorized by statute to build the subway, and to enter into a contract for that purpose, and McDonald had a right to sublet this portion of the work (Haefelin v. McDonald, 96 App. Div. 213, 89 N. Y. Supp. 395) ; so that if there was any negligence at all, it was the negligence of the subcontractor, and as to it I do not think there was any evidence which would have justified a finding of negligence. The bridge was a necessary part of the work. There was no other way by which the earth and rock could be taken out, so far as appears. Therefore, if there was any negligence, it was in omitting to have a barrier at the entrance, or to have some one stationed at this point to warn travelers who were about to go upon it. But the work could not have been prosecuted if a barrier had been put across the entrance, because trucks were continually going in and out, and had a person been stationed to warn the plaintiff it would not have prevented the accident. He saw the bridge, and deliberately went upon it, not for the purpose of crossing the park in this way, but to recover a coin which he had dropped. He was examined before trial, and, in answer to a question as to how the accident happened, said that as he was going by the bridge he dropped a quarter; that it rolled upon the bridge; that he followed it, and in reaching for it fell into the embankment. On cross-examination at the trial he testified:

"I had not gone on the roadway yet when I dropped the quarter. As I dropped the quarter, I followed it. I was traveling south when I dropped the

quarter. I traveled west afterwards, and I was facing north when I fell. I had not contemplated using the runway to walk across the excavation before I dropped the quarter."

This statement, however, was subsequently qualified to some extent by his saying that he dropped the quarter about the time he stepped upon the bridge. But considering the plaintiff's testimony in the most favorable light, and giving him the benefit of every inference that can fairly be drawn from it, it is not sufficient, in my opinion, to sustain a finding that the defendants were negligent or the plaintiff himself free from negligence. The accident occurred, as already indicated, in broad daylight. The bridge was 10 feet or more in width, and had the plaintiff been exercising the care which he was obligated to the accident could not have occurred. There was no defect in the bridge, and indeed the only claim of a defect is that some planks were shorter than others, and that this was the cause of plaintiff's losing his balance and falling into the excavation. But there was no obligation resting upon the defendants, or any of them, in constructing the bridge, to have the planks all of the same length, nor were they bound to anticipate, in the exercise of reasonable care, that an accident of this kind could possibly happen.

The exceptions must therefore be overruled, and the motion for new trial denied, with costs. All concur.

